[No. 18374.    Department One.—June 27, 1895.]

WILLIAM BERRY, RESPONDENT, *v.* ROBERT WOOD-BURN, APPELLANT.

SPECIFIC PERFORMANCE—PAROL CONTRACT FOR INTEREST IN MINE—UN-CERTAINTY.—A parol contract to the effect that, if the defendant should secure a paying quartz mine through the efforts of the plaintiff, the defendant would, in addition to wages, give to plaintiff an interest in such mine, is as to the interest to be given so uncertain and indefinite as to be unenforceable by a court of equity, and the court has no right to assume that the interest to be conveyed is a one-half interest rather than a one-eighth or any other interest, in the absence of an allegation and finding that the parties understood that they were to own equal and undivided interests in the mine.

ID.—MINING PARTNERSHIP—CONTRACT OF HIRING.—Although, in the absence of an express agreement as to the respective interests of mining partners, the law may declare them equal partners, yet there is no element of a mining partnership where the contract alleged is one of hiring to procure and work a mine for the defendant, upon the payment of wages and the giving of an interest in the mine, in addition to wages conditioned upon its being found to be a paying mine.

APPEAL from a judgment of the Superior Court of Trinity County.

The facts are stated in the opinion of the court..

*D. G. Reid, Galpin & Zeigler,* and *T. M. Osmond,* for Appellant.

The contract was for personal services, and cannot be enforced. (*Fuller* v. *Reed,* 38 Cal. 99; Fry on Specific Performance, secs. 545, 555; *Kimberley* v. *Jennings,* 6 Sim. 340; *Van Alstine* v. *Wimple,* 5 Cow. 162; *Charter* v. *Beckett,* 7 Term Rep. 197; *Crawford* v. *Morrill,* 8 John. 253; *Duvall* v. *Myers,* 2 Md. Ch. 401; *Bodine* v. *Glading,* 21 Pa. St. 50; 29 Am. Dec. 749; *Meason* v. *Kaine,* 63 Pa. St. 335; *Anson* v. *Townsend,* 73 Cal. 418; *Cooper* v. *Peña,* 21 Cal. 403; *Colson* v. *Thompson,* 2 Wheat. 341; *Hamblin* v. *Dinneford,* 2 Edw. Ch. 529; *Clarke* v. *Price,* 2 Wils. Ch. 157; *Kemble* v. *Keane,* 6 Sim. 333; *Withy* v. *Cottle,* 1 Sim. & St. 174; 2 Story's Equity Jurisprudence, sec. 723; *Grimmer* v. *Carlton,* 93 Cal. 189; 27 Am. St. Rep. 171; *Lattin* v. *Hazard,* 91 Cal. 87, 91; *Patten* v. *Hicks,* 43 Cal. 509; *Vassault* v. *Edwards,* 43 Cal. 465.) The contract was void under the statute of frauds. (Code Civ. Proc., sec. 1091; Stat. 1860, p. 175; Stat. 1863, p. 98; *Goller* v. *Fett,* 30 Cal. 481; *Melton* v. *Lambard,* 51 Cal. 258–60; Yale on Mining Claims, 99–111; Story's Equity Jurisprudence, sec. 757; *Moore* v. *Edwards,* 4 Ves. Jr. 23; *Cooth* v. *Jackson,* 6 Ves. Jr. 12; *Spurrier* v. *Fitzgerald,* 6 Ves. Jr. 548; *Blagden* v. *Bradbear,* 12 Ves. Jr. 466; *Rondeau* v. *Wyatt,* 2 H. Black. 63.) The contract was too vague and indeterminate to be enforced. (3 Pomeroy's Equity Jurisprudence, sec. 1404; 2 Story's Equity Jurisprudence, secs. 742, 769; *Meux* v. *Hogue,* 91 Cal. 442; *Breckenridge* v. *Crocker,* 78 Cal. 529; *Smith* v. *Taylor,* 82 Cal. 533; *Boston etc. R. R.* v. *Babcock,* 3 Cush. 228; 3 Pomeroy's Equity Jurisprudence, sec. 1405; 2 Story's Equity Jurisprudence, sec. 769; *Magee* v. *McManus,* 70 Cal. 553; *Doe* v. *Culverwell,* 35 Cal. 291; *Agard* v. *Valencia,* 39 Cal. 292, 301; *Mathews* v. *Davis,* 102 Cal. 202.) There was no mutuality of remedy. (*Banbury* v. *Arnold,* 91 Cal. 606; Fry on Specific Performance, secs. 233, 235, 286; *Sturgis* v. *Galindo,* 59 Cal. 32, 33; 43 Am. Rep. 239; Story on Contracts, secs. 447, 448; *Tucker* v. *Woods,* 12

Johns. 190; 7 Am. Dec. 305; *Keep* v. *Goodrich*, 12 Johns.
398; Chitty on Contracts, 13-15; *Eliason* v. *Henshaw*, 4
Wheat. 225; *Tuttle* v. *Love*, 7 Johns, 469; *Utica etc. R. R.
Co.* v. *Brinckerhoff*, 21 Wend. 139; 34 Am. Dec. 220;
*Burnet* v. *Bisco*, 4 Johns. 235; *Benedict* v. *Lynch*, 1 Johns.
Ch. 370; 7 Am. Dec. 484; *Woodcock* v. *Bennet*, 1 Cow.
733; 13 Am. Dec. 568; *Cooper* v. *Peña*, 21 Cal. 403; *Ca-
been* v. *Gordon*, 1 Hill (S. C.), 51; *Anson* v. *Townsend,
supra;* Willard's Equity Jurisprudence, 267; *Parkhurst*
v. *Van Cortland*, 1 Johns. Ch. 282; *German* v. *Machin*,
6 Paige, 288; *Woodward* v. *Harris*, 2 Barb. 439; *Phillips*
v. *Berger*, 2 Barb. 611; *Rogers* v. *Saunders*, 16 Me. 92;
33 Am. Dec. 635; *Bronson* v. *Cahill*, 4 McLean, 19; *Tyson*
v. *Watts*, 1 Md. Ch. 13; *Beard* v. *Linthicum*, 1 Md. Ch.
345; *Lawrenson* v. *Butler*, 1 Schoales & L. 13; *Clason* v.
*Bailey*, 14 Johns. 484; *Davis* v. *Shields*, 26 Wend. 362;
Fry on Specific Performance, secs. 545, 555; *Kimberley*
v. *Jennings, supra; Fuller* v. *Reed*, 38 Cal. 99; *Van Alstine*
v. *Wimple, supra; Charter* v. *Beckett, supra; Crawford* v.
*Morrell, supra;* Fry on Specific Performance, secs. 543,
545; *Goring* v. *Nash*, 3 Atk. 190; *Sherrill* v. *Crosby*, 14
Johns. 358; *Movan* v. *Hays*, 1 Johns. Ch. 339; *Botsford*
v. *Burr*, 2 Johns. Ch. 405; *Steere* v. *Steere*, 5 Johns. Ch.
1; 9 Am. Dec. 256.)

*A. H. Ricketts, John M. Wright, James W. Bartlett,* and
*Horace R. Given,* for Respondent.

The mine was the property of the mining partner-
ship. (*Settembre* v. *Putnam*, 30 Cal. 490; Civ. Code, sec.
2511; *Moritz* v. *Lavelle*, 77 Cal. 10; 11 Am. St. Rep. 229;
*Kahn* v. *Smelting Co.*, 102 U. S. 241; *Duryea* v. *Burt*, 28
Cal. 569; *Smith* v. *Cooley*, 65 Cal. 46; *Carpenter* v. *Hath-
away*, 87 Cal. 434.) The rules of partnership apply as
to the interest of plaintiff. (*Griggs* v. *Clark*, 23 Cal. 430.)
The objection for want of mutuality is not tenable, the
contract having been fulfilled on the part of the plaintiff,
(Pomeroy's Equity Jurisprudence, 2d ed., sec. 1405, note
7; *Richards* v. *Green*, 23 N. J. Eq. 536; *Carskaddon* v.
*Kennedy*, 40 N. J. Eq. 277; *Wilks* v. *Georgia Pac. R. R.*

*Co.*, 79 Ala. 185; *Welch* v. *Whelpley*, 62 Mich. 15; 4 Am. St. Rep. 810; *Perkins* v. *Hadsell*, 50 Ill. 216; *Reese* v. *Board of Police of Lee County*, 49 Miss. 639; *Stevens* v. *Corbitt*, 33 Mich. 458; *Michigan etc. R. R.* v. *Bacon*, 33 Mich. 466; *Swartwout* v. *Michigan Air Line R. R.*, 24 Mich. 390; *Wooters* v. *International etc. R. R. Co.*, 54 Tex. 296; *Odineal* v. *Barry*, 24 Miss. 9; *Seager* v. *Burns*, 4 Minn. 141; *Kerr* v. *Purdy*, 50 Barb. 24; Pomeroy on Specific Performance, secs. 167–74, and cases cited; *Amherst Academy* v. *Cowls*, 6 Pick. 427; 17 Am. Dec. 387; *Williams College* v. *Danforth*, 12 Pick. 541; Waterman on Specific Performance, secs. 199–202, and cases cited; Browne on Statute of Frauds, secs. 365, 366; *Vassault* v. *Edwards*, 43 Cal. 458; *Colson* v. *Thompson*, 2 Wheat. 341; *Lamb* v. *Hinman*, 46 Mich. 112; *Cole* v. *Pilkington*, L. R. 19 Eq. 174, 178; *Loffus* v. *Maw*, 3 Giff. 592; *Lorentz* v. *Lorentz*, 14 W. Va. 762; *King* v. *Gildersleeve*, 79 Cal. 510; *Ballard* v. *Carr*, 48 Cal. 79; *Howard* v. *Throckmorton*, 48 Cal. 489; *Hall* v. *Center*, 40 Cal. 63, *Brinton* v. *Van Cott*, 8 Utah, 480; Pomeroy on Contracts; sec. 114; *Rhodes* v. *Rhodes*, 3 Sand. Ch. 279; *Davison* v. *Davison*, 13 N. J. Eq. 246; *Twiss* v. *George*, 33 Mich. 253; *Lowry* v. *Tew*, 3 Barb. Ch. 413; 2 Story's Equity Jurisprudence, sec. 761; *Keatts* v. *Rector*, 1 Ark. 419; *Lobdell* v. *Lobdell*, 36 N. Y. 327; *Anson* v. *Townsend*, 73 Cal. 417; *Tohler* v. *Folsom*, 1 Cal. 211; *Manning* v. *Franklin*, 81 Cal. 208; *McCarger* v. *Rood*, 47 Cal. 141; *White* v. *Sheldon*, 4 Nev. 280.)

GAROUTTE, J.—This is an appeal by defendant upon the judgment-roll, without a statement or bill of exceptions. Plaintiff declares the appeal to be from a judgment establishing a trust estate in a mine upon full performance of a verbal contract. Defendant declares the appeal to be from a judgment decreeing specific performance of a verbal contract to convey "an interest" in a mine. It is immaterial which of these views is technically true, as in substance there is but little difference. Judgment went for plaintiff, decreeing

that defendant held an undivided one-half interest in the mine in trust for plaintiff, and ordering a conveyance thereof to him.

The action is based upon the following parol contract, entered into between the parties, which contract is set out in the complaint, and found as a fact by the court: " That, if plaintiff would go up to Trinity county, California, and endeavor to procure such a quartz mine, to wit, a quartz mine that would pay, that in the event of defendant's securing such a paying quartz mine in Trinity county, through the efforts of plaintiff, that defendant would pay to plaintiff big wages and pay his expenses for the time occupied by him while securing the mine and until it was demonstrated that the mine was a paying mine; and in the event of the mine being a paying mine that defendant would also give to plaintiff, in addition to the wages aforesaid, an interest in such mine. That in the event of defendant not securing a paying quartz mine through the efforts of plaintiff, defendant was to pay plaintiff reasonable wages and his expenses as compensation for his services."

The court by its findings declared that plaintiff found a " paying quartz mine"; that defendant secured the same through the efforts of plaintiff, and decreed a conveyance of one-half thereof by defendant to plaintiff, as previously stated.

The case has been elaborately argued from many standpoints, but, as we view it, only one question is necessary to be considered, for the solution of that question presents an impassable barrier to plaintiff's right of recovery. The contract provides that in case plaintiff's labors under it meet with success defendant is to give him " an interest in such mine." We think this provision, as to the interest to be given, so uncertain and indefinite as to be unenforceable by a court of equity. It is elementary that a contract must be certain as to the interest to be conveyed, or equity will not take hold of it. What interest is here to be conveyed ? One-half, one-fourth, or one-eighth? Upon what principle

of law has the court the right to decree the conveyance
of a one-half interest rather than a one-eighth interest?
Upon what sound line of reasoning may the court say
that this provision of the agreement can only be satis-
fied by a transfer of a one-half interest, and would not
be satisfied by a transfer of the smallest fractional
interest?   Before a contract has life the minds of the
parties must meet, and it is the court's duty alone
to declare what the parties contemplated and intended
when the contract was made.   While plaintiff found a
" paying" mine, still he was paid all his expenses and
" big wages" while engaged in the labor of finding it;
and it is not at all apparent from the face of the con-
tract that if defendant made a purchase he should
thereupon redeed to plaintiff a one-half interest.   A
mine paying a small net profit upon the capital in-
vested would probably be a paying mine; yet the pur-
chase price might be very great, and the cost of a one-
half interest thereof exceed the accumulated net profit
of many years.   We only cite this illustration to show
that a court of equity could not from the contract say
it was intended that defendant should be entitled to
a one-half interest in the mine discovered.   "An in-
terest" is a most indefinite term, for any fraction of
a unit would satisfy it, and, consequently, the amount of
estate to be conveyed is unknown to the court, and being
unknown to the court no decree could possibly be made
passing title to it.   If the decree in this case followed
the language of the contract, and decreed the convey-
ance of "an interest," it could not be said that a half
interest was the *quantum* upon which the decree acted;
and, if the deed following the decree purported to pass
" an interest," no principle of law with which we are
acquainted would justify the court in declaring that a
one-half interest passed.

   The fact that the evidence is not before us upon
which the findings of the court are based is not material
to this investigation; for there is no allegation in the
complaint nor finding of fact that the parties, or either

of them, understood by their contract that they were to own equal, undivided interests in the mine, conceding, for the purposes of the case only, the propriety of such an allegation, and the admissibility of extrinsic evidence thereunder. If plaintiff's labors under the contract had looked to the finding of a farm, or a vineyard, or a hotel, rather than a mine, and such labors had met with success, there would be no question but that the character of action here presented would not lie. It would not lie for the reasons already given, regardless of other serious objections which might be interposed to it. But respondent seeks to steer clear of these obstacles in his pathway, by claiming that the contract, taken in connection with the acts of the parties thereunder, created a mining partnership as to this particular mine, and being partners, in the absence of an express agreement as to their respective interests, the law would declare them equal partners. Conceding this principle to be sound, it would probably apply equally as well to any ordinary business partnership. (*Griggs* v. *Clark*, 23 Cal. 427.) But there is no element of such a partnership here, and neither do we think this record discloses a state of facts even approximating to a mining partnership. Section 2511 of the Civil Code provides: "A mining partnership exists when two or more persons who own or acquire a mining claim, for the purpose of working it and extracting the mineral therefrom, actually engage in working the same." Tried by the test here provided, the facts wholly fail to meet the requirements demanded to constitute a mining partnership. The complaint does not allege a mining partnership; neither do the findings so declare. The complaint does not allege probative facts sufficient to constitute a mining partnership, nor do the findings of fact point to any such business relation.

Partnerships are formed by agreement, and the subsequent acts of these parties, as disclosed by the findings, in no sense can create a partnership, but simply serve to furnish light by which we may read and con-

strue the original agreement. This agreement shows that plaintiff was employed to seek for a paying quartz mine. If he found it he was to be allowed by defendant his expenses incurred in the search, and also " big wages" for his time and labor. In addition thereto, he was to be given " an interest " in the mine by defendant. These were the three elements forming his compensation. He found a " paying mine," and, therefore, under the contract, was entitled to the compensation agreed. It appears to be a pure contract of hiring, and lacks every element of a partnership. The fact that defendant was to give plaintiff an interest in the mine, in addition to certain sums of money, has no more tendency to make the contract one of partnership than if he had agreed to give him cattle or horses, or deed him some piece of realty.

Section 2512 of the Civil Code declares: " The relation (of partnership) arises from the ownership of shares or interests in the mine, and working the same for the purpose of extracting minerals therefrom." Inasmuch as this action may be deemed one brought by plaintiff for the express purpose of obtaining a share or interest in a mine we think it cannot be said that plaintiff as yet has an interest therein; or, if it be said that plaintiff is an owner, but that defendant holds his interest or share in trust, still his contention for a partnership fails, for he never in conjunction with defendant worked the mine for the purpose of extracting minerals therefrom. Whatever work plaintiff did in the mine, before the purchase by defendant, he did under the original agreement, and was entitled to "big wages" therefor. He himself recognizes that fact, for, in this action, he has sued for and recovered the " big wages" promised by defendant. Whatever work he did in the mine after the purchase was either done under a new contract of hiring, or under the " big wages" contract, and in either case proves little looking toward a partnership. We find nothing in the findings of fact strengthening plaintiff's claims that the oral agreement

constituted even a quasi or qualified mining partnership.

There is nothing in the facts of this case bearing any analogy to the general principle applicable to those cases where a deed or devise is made to two or more parties, without specifically naming their respective interests thereunder. Neither may this contract be considered one in the nature of a "grubstake" contract—a peculiar and novel character of contract so common in the early mining history of this state, where two parties enter into a common venture, one furnishing the "grub," the other the labor, in prospecting for valuable mining properties. Clearly such ventures were joint in their character, and all valuable discoveries would inure to the equal benefit of both. The courts declare such ventures to partake of the character of qualified partnerships, but here we have no common venture, no common ownership, no sharing of profit and loss, no furnishing of labor by one party and "grub" or money by the other. The facts in the case of *Settembre* v. *Putnam*, 30 Cal. 490, a case upon which respondent largely relies for support in this branch of the litigation, are so dissimilar in important particulars to the facts of the case at bar that we refrain from reviewing at length the principles of law there declared.

For the reasons stated the judgment is reversed and the cause remanded.

VAN FLEET, J., and HARRISON, J., concurred.