[Civ. No. 1441.—First Appellate District.—March 1, 1915.]

## FRANK J. TAYLOR, Respondent, v. J. M. NELSON, Appellant.

CONTRACTS—AGREEMENT TO PURCHASE REAL PROPERTY JOINTLY—ACTION FOR BREACH—ABSENCE OF PARTNERSHIP.—Where a contract between two joint purchasers of real property provided that one of them was to pay a certain sum down, and that both of them were to pay certain sums later, whereupon the second purchaser was to procure a loan on the property for the balance of the purchase price, the contract did not constitute a partnership transaction, and where the second purchaser failed to carry out his part of the contract, the first had the right to maintain an action for damages for breach of contract, without resorting to a suit in equity for dissolution of an alleged partnership and for an accounting.

ID.—VALIDITY OF CONTRACT—ABSENCE OF FRAUD.—In such a case while, if the plaintiff, when he entered into the contract with the defendant, knew that the interests of the defendant and his principal, the owner of the land, were antagonistic, and that the owner did not know that the defendant was interested in the purchase of the land, the contract might have been void, not only as between the defendant and the owner, but also as to the plaintiff, where the evidence showed that the owner was to be paid the full price of the property demanded by him and that the defendant was not vested with the exercise of any discretion, but was simply authorized to sell the property on a certain commission for a specific amount, it cannot be held that the plaintiff was guilty of any deceit or fraud preventing him from recovering damages from his copurchaser.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.   B. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

C. C. Coolidge, J. B. Peckham, and R. C. McComish, for Appellant.

E. M. Rosenthal, for Respondent.

THE COURT.—The complaint alleges that the defendant and the plaintiff entered into an agreement, by the terms of which the plaintiff was to pay and did pay one thousand dollars down on account of the purchase price of a certain piece

of real estate in Santa Clara County; that later plaintiff was to pay the sum of two thousand five hundred dollars, and the defendant the sum of three thousand five hundred dollars, whereupon the said defendant would secure a loan on the property of eight thousand dollars, making the whole purchase price, to wit, fifteen thousand dollars. That on and prior to May 1, 1912, the date fixed in the agreement of purchase and sale for the payment of the balance of the purchase price, plaintiff requested the defendant to carry out his part of the contract, but the defendant refused to do so and repudiated the whole transaction. This suit is for damages to recover the sum of one thousand dollars for breach of the contract, plus a small item not questioned if the plaintiff is found to be entitled to recover a judgment in this action.

The transaction here involved is not, as asserted by defendant, a partnership transaction requiring, for the adjustment of the difficulties between the parties, a suit in equity for dissolution and accounting. It is true, according to the allegation of the complaint and the findings of the court, that the parties contemplated a partnership. While, in view of the arrangements between the parties, it may be said that a partnership was initiated by the plaintiff's payment of one thousand dollars, it certainly cannot be said—the defendant having failed to carry out his part of the contract and having repudiated the same, that the partnership was ever launched, created, or consummated. Hence it follows that the present action for breach of the contract will lie. (*Powell* v. *Maguire,* 43 Cal. 11; *Prince* v. *Lamb,* 128 Cal. 120, [60 Pac. 689]; 30 Cyc. 358–465; 15 Cyclopedia of Pleading and Practice, 1045; *Hyer* v. *Richmond Traction Co.,* 168 U. S. 471, [42 L. Ed. 547, 18 Sup. Ct. Rep. 114].)

We also think that the next point made by the defendant cannot be maintained. If the plaintiff, when he entered into the contract with the defendant, knew that the interests of the defendant and his principal, the owner of the land, were antagonistic, and that the owner did not know that the defendant was interested in the purchase of the land, then the contract perhaps would be void not only as between the defendant and the owner (*Rauer's Law & Collection Co.* v. *Bradbury,* 3 Cal. App. 256, [84 Pac. 1007]), but also as to the plaintiff, for then it might be said that the plaintiff was a party to a transaction which was a fraud upon the owner,

in which event of course the plaintiff could not recover. But in this case, according to the evidence accepted. by the trial court, the fifteen thousand dollars was to be the full price demanded by the owner for the property. In other words, the defendant was not vested with the exercise of any discretion in the matter, nor was he to get as much as he could for the property; he was simply authorized to sell it on a certain commission for a specified amount. Under these circumstances it certainly cannot be held that the plaintiff was guilty of any deceit or fraud. Furthermore, it is plain, according to the version of the case adopted by the trial court, that the plaintiff was innocent of any contemplated wrong toward the owner of the property; and this was the view of the owner of the property, for when she heard from the parties here what had occurred she said, referring to herself and the plaintiff, ''We have both been imposed upon by Mr. Nelson'' (the defendant), and not caring ''to see Mr. Taylor (plaintiff) lose his money,'' agreed that if he would return the abstract of the property which had been furnished him, and if he would pay $57.50, the amount of a bill which had been incurred by her at the instance of the purchasers of the property, she would waive any right she might have ''to compel him to go on with the deal, and leave him to fight out the matter of the thousand dollars with Nelson.''

Incidentally perhaps it ought to be said that the defendant claimed the thousand dollars on the theory that he produced a purchaser who was willing and able to purchase the property, and that a contract for the purchase was entered into between them. The trial court sustained an objection to a question put to the plaintiff on cross-examination which perhaps ought to have been allowed; but from all the circumstances of the case it is plain, assuming the ruling was error, that it was entirely harmless.

The judgment and order appealed from are affirmed.