[Civ. No. 17068. Second Dist., Div. Two. Oct. 3, 1949.]

JOHN G. THOMAS, Respondent, v. J. JUAREZ, Appellant.

Theodore R. Coomber for Appellant.

Haas & Home and John B. Haas for Respondent.

MOORE, P. J.—On January 8, 1940, the parties to this action executed articles of copartnership for the purpose of operating an automobile parking station and thereafter transacted the partnership's business. On March 8, 1943, the articles were modified by a writing which provided that (1) at the close of the war respondent might check the business

done for five months; (2) during such five months respondent should receive one-fifth of the gross receipts less certain maintenance charges; (3) thereafter an amount equal to the monthly average sum paid respondent during the five months should be paid to him; (4) the latter should be relieved of all responsibility for the obligations of the "auto park."

By a third instrument executed October 25, 1945, the March writing was so modified as to substitute the following covenants for the first three above enumerated, as follows: (1) appellant would pay respondent $40 monthly for one year provided that within one month after the end of that year the monthly sum to be paid respondent would be agreed upon and if the parties could not agree within such month, respondent should be privileged to check the business for two months during which respondent should receive one-sixth of the monthly gross receipts less specified maintenance charges; (2) upon the sale of the lot respondent should receive one-half of the proceeds; (3) except as modified by this writing the articles and their March modification should remain in force. The parties never arrived at an agreement as to the moneys to be paid during the year following October, 1946. Appellant paid no sums to respondent and stated that no amount would be paid if the latter checked the business. In addition to the foregoing facts the court found that the parking lot is an asset of an existing partnership and that appellant has rendered no accounting thereof. Judgment followed dissolving the partnership and winding up its affairs.

Appellant bases his demand for a reversal upon the novel proposition that the partnership was dissolved by the agreement of March 8, 1943. Such contention is confuted by the preamble of such agreement which declares: "It is the desire of the parties hereto to make and enter into a further modification of said articles of copartnership," and by the covenant "that as long as the terms and conditions herein set out are kept and performed" appellant shall have control of the business. In the writing of October, 1945, it is provided "that other than as herein modified all other agreements in connection with said auto park had between the parties hereto are and shall remain in full force and effect. . . . Upon the sale of said parking lot second party agrees to pay first party one half of the sale price thereof." Such provisions clearly establish the continuance of the copartnership. The only substantial modifications effected by the October writing were the manner of the payments and the sums to be paid

respondent. Instead of the customary division of the net profits as at first provided, appellant agreed to pay respondent $40 monthly for a year after October, 1945. Thereafter he should pay one-sixth of the profits to respondent as his share. Nothing in any or all of the agreements spelled a termination of the relationship established by the original articles, but a modification only. (See Civ. Code, § 2401, subd. 4; *Fullam* v. *Peterson,* 21 N.Y.S.2d 797.) At the trial appellant stipulated that a partnership was created by the articles and that the parties modified it by the subsequent writings. Since it was not abolished by contract it continued until dissolved by the court.

The authorities cited by appellant are not pertinent. *Smith* v. *Grove,* 47 Cal.App.2d 456 [118 P.2d 324], was an action to have a partnership established and for accounting. No partnership had ever been formed. In *Wheeler* v. *Farmer,* 38 Cal. 203, the instrument relied upon was a power of attorney and not a contract of partnership. *Prince* v. *Lamb,* 128 Cal. 120 [60 P. 689], merely holds that the complaint was insufficient: its allegations were devoid of the substance of a partnership. *Taylor* v. *Nelson,* 26 Cal.App. 681 [147 P. 1189], involved an agreement to pay sums of money and did not create a partnership. *Powell* v. *McGuire,* 43 Cal. 11, involved an agreement to form a partnership but it was not formed.

The existence of a partnership depends primarily upon the intention of the parties as ascertained from their writings and from surrounding circumstances. (*Denning* v. *Taber,* 70 Cal.App.2d 253, 256 [160 P.2d 900].) From the three several agreements of the parties hereto and the circumstances recited in the testimony the court was justified in finding the continued existence of the partnership after the execution of the March and October agreements. The finding with reference to an ambiguous or disputed contract based upon substantial evidence that is consistent with the parties' intention will not be upset on appeal even though the appellate court might opine that another finding could as wisely have been made. (*Kautz* v. *Zurich etc. Insurance Company,* 212 Cal. 576, 582 [300 P. 34]; *Davis* v. *Stulman,* 72 Cal.App.2d 255, 269 [164 P.2d 787].)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.