[No. 19168.   Department One. — September 12, 1893.]

## C. COLE, RESPONDENT, v. IDA D. WILCOX, APPELLANT

| 99 | 549 |
| 110 | 178 |
| 99 | 549 |
| 139 | 175 |
| 99 | 549 |
| 147 | 187 |

NEW TRIAL — STATEMENT — EXTENSION OF TIME — RELIEF FOR MISTAKE OR EXCUSABLE NEGLECT — DISCRETION. — Where the failure of a party to procure additional time in which to prepare and serve his proposed statement on motion for a new trial is the result of excusable neglect or mistake, the court has power to relieve him from the effect thereof; and whether it is the result of such mistake or excusable neglect is to be determined in the exercise of its discretion by the court to which the application is made.

ID. — STATEMENT NOT EMBODYING GROUNDS OF OBJECTION. — Where a statement on motion for a new trial, as settled and allowed by the judge, recited therein that it was "duly prepared and settled within due time and in the manner required by law," and also that the "defendant objected to settlement of state-

ment upon the ground that the same was not served in time," but it failed to point out the basis or grounds of the objection or to present the facts upon which it was made, an objection to the hearing of the motion for a new trial, upon the ground that the proposed statement had not been served in time, is properly overruled.

ID. — HEARING OF MOTION — CONSIDERATION OF COURT LIMITED TO STATEMENT. — Upon the hearing of a motion for a new trial the court is limited in its consideration to the matters contained in the statement on motion for a new trial, and is not at liberty to go outside of the statement for the purpose of determining whether the new trial should be granted or refused.

ID. — ORDER GRANTING NEW TRIAL — INSUFFICIENCY OF EVIDENCE — DISCRETION. — The granting of a new trial upon the ground that the former verdict or decision was not supported by the evidence is within the discretion of the trial court, and unless it appears that there has been an abuse of that discretion the action of the trial court will not be reversed.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.

Wells, Monroe & Lee, and Albert M. Stephens, for Appellant.

A. W. Blair, and W. Cole, for Respondent.

HARRISON, J. — This action was brought to recover damages for the alleged diversion of water from a canyon onto the plaintiff's land, through an artificial channel constructed by the defendant's testator. The cause was tried by a jury, which rendered a verdict in favor of the defendant. A motion of the plaintiff for a new trial upon the ground, among others, that the verdict was contrary to the evidence, was granted by the court, and from this order the defendant has appealed.

The plaintiff gave notice of his intention to move for a new trial March 17, 1892, and on the twenty-first day of March obtained from the court ten days time, in addition to the time allowed by law, in which to prepare and serve his proposed statement of the case. On the 29th of March he went to the court for the purpose of procuring additional time in which to prepare the statement, and the application which he made was granted, but the order that was entered by the clerk was for a stay of execution, instead of giving him further time to prepare his statement, and he did not discover this fact until about April 4th, on which day he gave notice that he would make an application to the court for further time; and on the eleventh day of April, in pursuance of this application, the court made an order reciting that: "It appearing to the court that through

mistake and inadvertence the plaintiff, upon the twenty-ninth day of March, 1892, applied to this court to procure an order for a stay of execution herein for ten days from that date; that it was his intention, when he came into court, to make an application to the court for ten days time to prepare, serve, and file affidavits and statement on motion for a new trial, and that he supposed that he had made such application, and that such order had been granted, and so informed his counsel, and that through said mistake the time for filing said statement was by him permitted to expire, the same mistake not having been discovered until after said expiration, it is therefore ordered that the plaintiff be and is hereby relieved from said mistake and inadvertence, and is given two days from this date, thirteen days from the thirty-first day of March, 1892, to prepare and serve and file the said statement."

1. If the failure of the plaintiff to procure the additional time was the result of an excusable neglect or mistake, the court had the power to relieve him from the effect thereof (*Stonesifer* v. *Kilburn*, 94 Cal. 33), and whether it was the result of such mistake or excusable neglect was to be determined in the exercise of its discretion by the court to which the application was made. The facts stated in the order must be accepted by us as having been fully shown to the court by competent evidence, and upon these facts it must be conceded that the court acted in the exercise of a wise discretion in making the order.

2. When the motion for a new trial came on for hearing, the defendant objected to the court hearing the same, upon the ground that the statement of the case proposed for settlement by the court was not served upon him by the plaintiff within the time allowed by law, and that the court had lost jurisdiction to settle any statement in the case, and now urges that for this reason the court erred in granting a new trial. The correctness of the court's action in granting the new trial must be determined upon the record on which it acted upon the hearing of that motion, and is not affected by any error which it may have committed in matters not connected with such action. The judge had settled and allowed the statement prior to this time, and had recited therein that it was "duly prepared and settled within due time and in the manner required by law"; and also

that the "defendant objected to settlement of statement upon the ground that the same was not served in time." If there were any reasons in support of this objection on the part of the defendant, the proper practice would have been to present them at that time so that the judge could pass upon their sufficiency, and to have the objections, with the rulings of the judge thereon and any exception thereto, incorporated into the statement. A mere objection to the settlement of the statement, without pointing out the basis or the grounds of the objection, or presenting the facts upon which it was made, was not fair to either the judge or the opposite party; and even if an exception had been taken to the ruling of the judge upon such objection, the party taking the exception would not have the right to its consideration upon appeal. When the motion for a new trial came on to be heard, the court, in its action thereon, was limited to considering the matters contained in the statement, and was not at liberty to go outside of the statement for the purpose of determining whether the new trial should be granted or refused.

3. The action of the trial court in granting a new trial, for the reason that the former verdict or decision was not supported by the evidence, is so much a matter of discretion, that unless it appears that there was an abuse of that discretion, this court will not interfere with its action. Although in the present case the plaintiff may have shown himself entitled only to nominal damages, yet a verdict for or against him would be decisive of a right which may be available in future litigation.

The order is affirmed.

GAROUTTE, J., and PATERSON, J., concurred.