[No. 61.   First Appellate District.—September 20, 1905.]

# D. E. PERRY, Appellant, v. J. NOONAN LOAN COMPANY, Respondent.

ASSUMPSIT—VALUE OF SERVICES — CONFLICTING EVIDENCE — ORDER GRANTING NEW TRIAL.—In an action of *assumpsit* where the evidence was substantially conflicting as to the value of the services rendered, the trial court was justified in granting a new trial for insufficiency of the evidence to sustain the verdict of the jury.

ID.—PROPOSED STATEMENT—ADMISSION AND CONSENT—RESERVED OBJECTION—PRESENTATION WITHOUT NOTICE.—Where the correctness of a proposed statement on motion for new trial was admitted, and a consent given that it might be settled, reserving only the right to object that the statement was not presented in time; without reserving any right to be present at the settlement, the right to propose amendments to the statement was waived, and the moving party was authorized to present the statement for settlement without notice to the other party.

ID.—RIGHTS OF JUDGE—SHOWING OF OBJECTIONS—RULING AND EXCEPTION TO BE INCORPORATED IN STATEMENT.—The judge who settled the statement was not required to enter upon a personal investigation of the sufficiency of the objection which the opposite party had "reserved the right" to make, but was at liberty to assume that as he had failed to specify any fact or reason in support of the objection, and did not appear to make it, it was without foundation.  Any matter in support of it, with a ruling and exception thereupon, should have been incorporated by the objecting party in the statement, and made part of the record.  Any ruling upon the objection cannot be deemed excepted to, and any matter of objection outside of the statement cannot be considered.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Frank W. Sawyer, for Appellant.

Walter E. Dorn, for Respondent.

HARRISON, P. J.—This action was brought to recover the value of services rendered by the plaintiff to the defendant during the two years prior to the commencement of the action, the amount claimed being six thousand dollars.   The cause was tried by a jury, and a verdict rendered in favor of

I Cal. App.—39

the plaintiff for $1,520. Thereafter the court granted the defendant's motion for a new trial "on the ground of the insufficiency of the evidence to justify the verdict rendered herein." From this order the plaintiff has appealed. Being an action of *quantum meruit*, the amount to be recovered depended upon the testimony of witnesses as to the value of the services, and on this point there was a marked conflict in the testimony. In his complaint the plaintiff alleged their value to be two hundred and fifty dollars per month, and at the trial there was testimony on his behalf placing their value at different sums from two hundred and fifty to three hundred dollars per month, while on the part of the defendant witnesses placed their value at from sixty-five to one hundred and fifty dollars per month. There was also testimony tending to show that the plaintiff had been paid a large portion, if not all, of the amount that he was entitled to under testimony on behalf of the defendant. The court was therefore fully authorized to grant a new trial.

The appellant urges that the court erred in granting the motion for the reason that the statement of the case, upon which the motion was made, was not presented to the plaintiff within the time allowed by law therefor; and that therefore it was improperly settled by the judge and should not have been considered by him. The following are the facts relied upon in support of this position, viz.:—

The verdict of the jury was rendered December 9, 1901. The defendant gave notice of its intention to move for a new trial December 19, 1901. At the close of the statement to be settled is the following:—

"The defendant proposes the foregoing as his statement on motion for a new trial.

"Dated March 25, 1902.

"WALTER E. DORN,<br>
"Attorney for Defendant."

Directly underneath is the following:—

"The foregoing statement is correct and may be settled and allowed subject to the right to object as heretofore reserved as not prepared and presented in time.

"Dated March 25, 1902.

"F. W. SAWYER,<br>
"Attorney for Plaintiff."

This is followed by the following certificate of settlement:—

"The foregoing statement is correct, and is hereby settled and allowed.

"Dated April 2, 1902.

"John Hunt,<br>"Judge of Superior Court."

It does not appear from the record whether the plaintiff was present or absent at the time of the settlement of the statement. His admission of its correctness and consent that it be settled was a waiver of his right to propose amendments thereto, and authorized the defendant to present it to the judge for settlement without any notice to him. (Code Civ. Proc., sec. 659, subd. 3.) If there were any facts or reasons in support of the objection now urged he could have reserved the right in his stipulation to be present at the settlement, and he should have then appeared and presented them to the judge and obtained a ruling upon their sufficiency; and if such ruling was adverse, should have taken an exception thereto. The matters so presented, together with the ruling and his exception, should have been incorporated into the statement, and made a part of the record, and they could then be considered by the court in hearing the motion, and also upon an appeal therefrom. When the statement was presented to the judge for settlement he was not required to enter upon a personal investigation of the sufficiency of the objection which the plaintiff had "reserved the right" to make, but was at liberty to assume that as he had failed to specify any fact or reason in support of such objection, and did not appear to make the objection, it was without foundation. If, however, it be assumed that the plaintiff was present at the settlement it does not appear that he made any objection thereto; but if it be further assumed that he made the objection which he had reserved the right to make, and that it was overruled by the court, the record does not show that he took any exception to such ruling. Section 647 of the Code of Civil Procedure does not include such ruling within those which are deemed excepted to.

In *Cole* v. *Wilcox*, 99 Cal. 549, [34 Pac. 114], the defendant objected to the settlement of the statement upon the ground that the same was not served in time, in reference to which the court said: "A mere objection to the settlement of the

statement without pointing out the basis or the grounds of the objection, or presenting the facts upon which it was made, was not fair to either the judge or the opposite party, and even if an exception had been taken to the ruling of the judge upon such objection the party taking the exception would not have the right to its consideration upon appeal. When the motion for a new trial came on to be heard the court in its action thereon was limited to considering the matters contained in the statement, and was not at liberty to go outside of the statement for the purpose of determining whether the new trial should have been granted or refused.''

The order is affirmed.

Cooper, J., and Hall, J., concurred.