[Civ. No. 146.   First Appellate District.—March 16, 1906.]

## RAUER'S LAW AND COLLECTION COMPANY, Appellant, v. W. B. BRADBURY, Respondent.

BROKERS—COMMISSION FOR SALE OF LAND—FRAUD UPON PRINCIPAL—UNDISCLOSED COMMISSION FROM PURCHASER—LOSS OF COMPENSATION.—A broker employed to sell land for a specified commission, who receives a commission from the purchaser, without disclosing that fact to his principal, commits a fraud upon the principal, which deprives him of the right to compensation from the principal for his services.

ID.—SALE AFTER TIME LIMIT—RENUNCIATION OF AGENCY.—Where the sale was made after the time limited therefor, the attempted negotiation of a sale thereafter under an arrangement with the purchaser for a commission from him was in effect a renunciation of his agency for the original vendor to secure the sale of the property.

ID.—ACTION OF ASSUMPSIT FOR SERVICES—PLEADING AND PROOF—EVIDENCE FOR DEFENDANT.—In an action by an assignee of the broker. brought upon the common count in *assumpsit* for services rendered by the assignor to the defendant, and issue joined thereupon, the defendant was not required to anticipate plaintiff's proof, but may show, without the necessity of pleading as a defense, that the broker who relied in evidence upon the agreed commission had received an undisclosed commission from the purchaser.

ID.—SUFFICIENCY OF FINDING—NEGATION OF ALLEGATION OF COMPLAINT.—The only purpose of findings is to answer the questions put by the pleadings; and a finding in negation, in identical language, of the allegation of the complaint upon the common count in *assumpsit*, upon which issue was taken, is sufficient to support the judgment for the defendant.

ID.—NEW TRIAL—ACCIDENT OR SURPRISE—AFFIDAVITS—COUNTER-AFFIDAVITS—DISCRETION—APPEAL.—Where affidavits on motion for a new trial on the ground of accident or surprise were contradicted by the counter-affidavit of the defendant, and it evidently appeared to the superior court that the accident or surprise could have been guarded against by ordinary prudence, and that a different result would not be reached by granting a new trial, its discretion in refusing it will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Jordan, Treat & Brann, and Macks & Tomsky, for Appellant.

T. C. Kierulff, for Respondent.

HARRISON, P. J.—The plaintiff seeks herein to recover from the defendant the sum of $625 for services rendered by Guy T. Wayman, his assignor, as the agent of the defendant for the sale of a parcel of land in San Francisco. Judgment was rendered in favor of the defendant, and the plaintiff has appealed.

The facts as shown at the trial are that on October 14, 1902, the defendant, by an instrument in writing, employed Wayman as his sole and exclusive agent for the period of twenty days from that date to sell for him a certain parcel of land for the sum of $50,000, and at the same time executed to him another instrument, by which he promised to pay him a commission of one and one-quarter per cent of such purchase price if the property should be sold in accordance therewith. Wayman did not make a sale within said time, but on November 7th he negotiated with Knickerbocker and Barker for a purchase of the lot by them, and received from them $500 as a deposit therefor, and on the same day stated to the defendant that he had sold the property to them, and presented to him an instrument signed by himself stating that he had "received from Knickerbocker $500, being a deposit on account of $50,000 for purchase price of property this day sold to him by Guy T. Wayman, agent of the owner, herein described, and subject to owner's approval"; the property described being that of the defendant. Being asked by the defendant how much he would get, Wayman replied $50,000. The defendant thereupon signed an approval of the sale at the foot of the receipt, and Wayman gave to him the $500, for which he gave Wayman his receipt as a deposit on account of the purchase price. The sale was thereafter carried into effect, and at its consummation Knickerbocker and Barker paid to the defendant $49,500. At the time of Wayman's negotiation with Knickerbocker and Barker he agreed with

3 Cal. App.—17

them that, if the sale was effected, he should receive from them $500 as a commission for his services, and when the sale was completed they paid him said $500 as said commission. Wayman, however, did not inform the defendant of this agreement, and the defendant did not learn of it until several days after the execution of the instrument of November .7th.

Upon these facts the court rightly held that Wayman was not entitled to any commission from the defendant for services rendered in connection with the sale of the property. The fiduciary relations between a principal and his agent preclude the latter from having any interest in the subject matter of his agency adverse to that of his principal. In the employment of an agent the principal bargains for his disinterested skill and diligence, and, whenever the interests of the agent become antagonistic to those of his employer, he violates his obligation by continuing to act in his behalf without disclosing that fact. A broker, who is employed by the owner to sell his property, is, by the mere fact of accepting such employment, precluded from acquiring an interest in the property he is employed to sell. He cannot act as such agent in making a sale either to himself or where he is interested in the purchase, and he is equally precluded from having a personal interest in the result of the sale of which his principal is ignorant. Whenever he has an interest in making the sale which is antagonistic to that of his principal, he is unable to discharge his full duty to the latter, and by continuing to act as his agent, without disclosing to him the fact of such interest, he commits a fraud upon him which will deprive him of all right to compensation for his services. These principles will be found fully illustrated in the following authorities: Story on Agency, secs. 31, 210, 211; Mechem on Agency, sec. 952; *Farnsworth* v. *Hemmer,* 1 Allen (Mass.), 494, [79 Am. Dec. 756]; *Rice* v. *Wood,* 113 Mass. 133, [18 Am. Rep. 459]; *Alvord* v. *Cook,* 174 Mass. 120, [54 N. E. 499]; *Rice* v. *Davis,* 136 Pa. 439, [20 Am. St. Rep. 931, 20 Atl. 513]; *Empire Ins. Co.* v. *American Ins. Co.,* 138 N. Y. 446, [34 N. E. 200]; *Scribner* v. *Collar,* 40 Mich. 375, [29 Am. Rep. 541]; *Wadsworth v. Adams,* 138 U. S. 380, [11 Sup. Ct. 303]; *Calmon* v. *Sarraille,* 142 Cal. 638, [76 Pac. 486]. The

contract of October 14th, as was conceded by Wayman in his testimony, expired by limitation on November 3d, and the written agreement of the defendant to pay a commission to Wayman was limited to a sale made in accordance with the terms of that contract. For the purpose of effecting a sale of the property to Knickerbocker on November 7th, Wayman did not rely upon the authority given him in the contract of October 14th, but after obtaining from Knickerbocker the terms upon which he was willing to purchase the property, and before obtaining from him any agreement for its purchase, he sought to obtain from the defendant his consent to the sale upon terms differing from those named in the contract of October 14th. His undertaking to act as agent of Knickerbocker for procuring the purchase of the property was in effect a renunciation of his agency for the defendant to secure its sale. (*Carman* v. *Beach,* 63 N. Y. 97; *Walker* v. *Osgood,* 98 Mass. 348, [93 Am. Dec. 168].) Whether he is to be regarded as having been at this time the agent of Knickerbocker for the purchase of the property, or of the defendant for its sale, is immaterial. If he is to be considered as the agent of Knickerbocker, he is not entitled to commission from the defendant. The claim of the plaintiff, moreover, is based upon the proposition that Wayman was at that time acting as the agent of the defendant; and, if it be assumed that in his interview with him on November 7th he purported to be acting as his agent, it was incumbent upon him to give him full information of the terms upon which Knickerbocker was willing to purchase the property, including his agreement to pay a commission, and not to conceal any of its terms. The terms offered by Knickerbocker as then represented by him were not the same as those contained in the authorization of October 14th, and that instrument had expired by its own terms. The price named therein at which the defendant was willing to sell the property was not final, and it was the duty of Wayman, if he was acting as his agent, to disclose to him any fact within his knowledge that might result in procuring for him a greater price for the property. (*Ruckman* v. *Bergholz,* 37 N. J. L. 437; *Carpenter* v. *Fisher,* 175 Mass. 9, [55 N. E. 479].) It is not improbable that, if he had informed the defendant that Knickerbocker

was willing to pay $500 in addition to the $50,000 named in the receipt, the defendant would have declined the offer unless he should receive that additional $500 for himself. The failure of Wayman to disclose this fact to the -defendant justified the court in holding that he was not entitled to any commission for his services.

The fact that the defendant did not set up in his answer as a defense that Wayman had received a commission from the purchaser did not preclude him from offering evidence thereof, or the court from considering its effect. The only allegation in the plaintiff's complaint showing a liability of the defendant was that, within two years prior thereto, the defendant became indebted to Wayman in the sum of $625 for services rendered by him to the defendant, at his special instance and request. As this allegation gave no information of the nature of these services, the defendant could not anticipate the facts upon which the plaintiff would rely at the trial, and had no opportunity to present the issue upon which he offered the evidence until after the plaintiff's evidence had been introduced. (*Sterling* v. *Smith,* 97 Cal. 343, [32 Pac. 320] ; *Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630].) The only issue tendered by the complaint was an "indebtedness," existing at the time the action was commenced, for certain undisclosed services, and upon that issue it was competent for the defendant to offer, and for the court to consider, any evidence which would tend to show that, even though the services were rendered, they did not create an indebtedness against the defendant. (See *Oscanyon* v. *Arms Co.,* 103 U. S. 261.)

For a similar reason the proposition of appellant that the findings are insufficient to support the judgment, upon the ground that the principal finding is merely a conclusion of law and not a finding of fact, is untenable. The finding is a negation in identical language of the allegation of the complaint. The only purpose of findings is to answer the questions put by the pleadings, and if the facts are stated in the findings in the same way that they are stated in the pleadings they are sufficient. (*Dam* v. *Zink,* 112 Cal. 91, [44 Pac. 331] ; *McCarthy* v. *Brown,* 113 Cal. 15, [45 Pac. 14], and cases therein cited.) It is a settled rule in this state that, in the

absence of a special demurrer, a complaint in the form of the common counts in *assumpsit* is a sufficient statement of a cause of action (*Minor* v. *Balridge,* 123 Cal. 187, [55 Pac. 783]), and it must follow that findings in the same form are sufficient to support the judgment.

In his notice of motion for a new trial the plaintiff named as one of the grounds thereof "accident or surprise which ordinary prudence could not have guarded against," and specified the surprise to be the claim by the defendant that the acceptance by Wayman of a commission from the purchasers was a defense to the action; that such defense was not referred to in the answer, and was first made in the briefs by counsel after the evidence had been closed and the case submitted for argument. In support of the motion he filed affidavits tending to show that Wayman had received such commission with the knowledge and consent of the defendant. A sufficient reason for not having set forth this defense in the answer has already been given, but, as it evidently appeared to the superior court that, whatever may have been the surprise of the plaintiff, it could have been guarded against by ordinary prudence, it very properly denied the motion. It appears by one of the affidavits offered in reply to those on behalf of the appellant that the plaintiff's counsel was informed several months before the trial that the defendant took the position that Wayman was not legally entitled to recover a commission from him, for the reason that he had received a commission from the purchasers of the property. The cause was tried May 22, 1903, and on May 27th the defendant's brief was served upon the plaintiff, in which this defense was relied upon, and the cause was not decided until September 3d. If the plaintiff had been surprised at this defense and felt that he could overcome it by contrary evidence, he should have moved then, upon this ground, to set aside the submission of the cause for the purpose of introducing such evidence, and not taken the chance of a decision and reserved his motion to be made in case it should be against him. (*Ferrer* v. *Home M. Ins. Co.,* 47 Cal. 416.) Instead of so doing, however, in his brief before the superior court he urged the insufficiency of this defense. Moreover,

it is not clear that the defense was not foreshadowed at the trial. While the defendant was testifying he was asked: "When you signed this contract did you understand that Mr. Wayman was the agent of the buyer of the property?" Counsel for plaintiff objected to the question, and his objection was sustained. In the cross-examination of Mr. Chapman, a witness for the plaintiff, he was asked: "Was there any intimation on the part of Mr. Bradbury, or something said upon the point, that Mr. Wayman was the agent of the buyer and not his agent, and for that reason he did not think he was liable?"

The affidavits tending to show that the defendant consented that Wayman might receive a commission from the purchasers were by Wayman and Chapman, both of whom were witnesses at the trial and could then have been examined in reference thereto. These affidavits were, moreover, directly contradicted by the affidavit of the defendant in his counter-affidavit replying thereto. The court was justified in refusing a new trial, unless it was satisfied from the affidavits that a different result would be reached (Hayne on New Trial, sec. 85; *McGuire* v. *Drew*, 83 Cal. 225, [23 Pac. 312]), and, unless it appears that there was an abuse of discretion, its action in this respect will not be disturbed on appeal. (*Schellhouse* v. *Ball*, 29 Cal. 605; *Spottiswood* v. *Weir*, 80 Cal. 448, [22 Pac. 289].)

The judgment and order denying a new trial are affirmed.

Cooper, J., and Hall, J., concurred.