[Civ. No. 6898.   Third Dist.   Oct. 13, 1942.]

ROY G. DEARY, Petitioner, v. HONORABLE PETER J. SHIELDS, as Judge of the Superior Court, etc., Respondent.

Downey, Brand & Seymour and Frederic R. Pierce for Petitioner.

W. H. Metson, P. H. McCarthy, Jr., and F. Nason O'Hara for Respondent.

THOMPSON, J.—Roy G. Deary, as the real party in interest representing the Hires Bottling Company, by means of a writ of mandamus seeks to require the trial judge of the Superior Court of Sacramento County, who presided at the trial of a suit therein entitled *"Montaldo, et al.* v. *Hires Bottling Company"* to certify to the clerk's transcript of the judgment roll and proceedings in said cause, including those which occurred on motion for a new trial, as provided by section 953a of the Code of Civil Procedure, pursuant to which an appeal was sought to be perfected.

The respondent, as judge of the Superior Court of Sacramento County, tried the cause previously referred to without a jury. Findings were adopted favorable to the plaintiff, and a judgment was accordingly rendered against the Hires Bottling Company. The defendant moved for a new trial on the grounds of alleged errors of law and newly-discovered evidence. The motion was presented solely on the record of the judgment roll and upon two affidavits in behalf of the defendant, and one counter affidavit for the plaintiff, together with the minutes of that proceeding. No oral evidence was adduced upon that hearing. The motion for new trial was denied. Notice of appeal was duly served and filed. Notice for the preparation and presenting of a clerk's transcript on appeal, as provided by section 953a of the Code of Civil Procedure, was duly served. That notice requested the clerk to include in his transcript the judgment roll as defined by section 670 of the same code and,

"In addition thereto, a copy of all pleadings, papers, records, files, orders and all proceedings taken on motion for a new trial and on motion to vacate judgment and all matters to which same relate, for use on appeal from said judgment."

The clerk's transcript was so prepared as directed and duly certified by the clerk. It contains the affidavits on motion for new trial. Notice was served upon "the attorneys appearing in the cause" of the filing and time set for presenting said transcript to the trial judge for approval, as required by the statute. At that hearing the plaintiffs made no application to include in the clerk's transcript any other "papers, files, documents, records and proceedings", as they were permitted to do, under the provisions of the second paragraph from the end of section 953a. The trial judge thereupon certified to the correctness of the judgment roll, but refused to certify to the proceedings on the motion for new trial, on the apparent assumption that it was necessary

to present the proceedings on motion for new trial by means of a settled bill of exceptions.

This petition for a writ of mandamus was then filed in this court to require the trial judge to certify to the proceedings on motion for new trial. The petition alleges the foregoing facts and recites that the motion for new trial was presented and heard upon affidavits only; that no stenographic reporter was present at that hearing, but that there was no occasion for the presence of a reporter since the motion was heard without additional oral evidence. To the petition for a writ of mandamus the respondent filed a demurrer and an answer. The demurrer merely asserts that the petition fails to state facts sufficient to warrant the issuance of the writ. The answer admits substantially all of the alleged material allegations of the petition. The answer concedes that ''No additional oral evidence was taken upon said proceedings on the motion for a new trial''. The answer also refers to the clerk's proposed transcript, which includes the affidavits and proceedings on motion for the new trial. By stipulation that transcript is before us for consideration on this petition for a writ of mandamus.

The real issue which is involved in this petition is whether a trial judge is required by section 953a of the Code of Civil Procedure to certify to the proceedings on motion for new trial, which are included in a clerk's transcript on appeal, when the motion for new trial is heard on affidavits only and no oral evidence is adduced, in the absence of a settled bill of exceptions of the proceedings on that motion.

The respondent admits that no oral evidence was adduced on the motion for new trial, but insists that a settled bill of exceptions of that proceeding is necessary for the reason that the affidavits were not actually received or entirely read in evidence and because, in commenting upon the motion, the trial judge referred to oral testimony and to some documents which he had received in evidence upon the trial of the merits of that cause.

We must assume that the affidavits were fully considered by the court on the motion for new trial. They were actually filed in that proceeding and adverse counsel were notified they would be used on that hearing. In denying the motion for new trial, the trial judge said regarding those affidavits:

''No oral testimony was offered on the hearing of the motion and the three affidavits filed in the matter were not

read in their entirety nor formally offered in evidence. In the circumstances of the case however they were before the court and assumed to have been received in evidence and herein they will be regarded as having been so."

From the foregoing it is apparent that the court assumed that the affidavits were formally presented for consideration of the court on the motion for new trial. We assume that all material portions of the affidavits were read and considered by the court. As the court says in *People* v. *Thompson*, 5 Cal. App. (2d) 655 [43 P. (2d) 606], at page 658:

"The mere filing of an affidavit with the clerk is not the presentation to the court of any of the matters contained therein."

In *Hurley* v. *Lake County*, 113 Cal. App. 291 [298 Pac. 123], it was said that the mere filing of an affidavit in an action *without the introduction of the document as testimony, or calling the attention of the court thereto, is insufficient.* But in the case to which we have last referred it is clear, as the court specifically states, that the affidavit was neither presented to the court nor read in evidence. In the present case, however, both the trial judge and the attorneys assumed that the affidavits were presented to the court at the hearing for the consideration of the judge. The judge so states. In fact, those affidavits were read in the presence of the court, although not "in their entirety". That very fact shows that they were intended to be, and actually were, considered to have been received in evidence. ▮ When a document is received in evidence before a judge sitting without a jury it is not necessary that it shall be read in open court in its entirety. If adverse counsel desires any omitted portion to be read to the judge, it is his duty to either read it or to call the court's attention to the omitted portion. It will be presumed the trial judge will read and consider all material evidence which is introduced as or assumed to be a part of the record. ▮ We must presume the judge did so in the present case. There is no real merit in the contention that the affidavits are not a proper part of the record on the motion for new trial.

The fact that the court in passing upon the motion for new trial may have commented on the evidence adduced at the trial of the merits of the cause, or that it referred to documents included therein, does not require the settlement of a bill of exceptions of the entire trial to be presented upon the motion for new trial. Such comments were harmless. The evidence adduced at the trial on its merits was not offered or

received in evidence upon hearing of the motion for new trial. In the absence of a presentation of that evidence to the court on the motion for new trial, it was not before the court on the motion. ▆ In considering the motion for new trial, the judge is confined to the record actually presented at that hearing. That rule prevailed under the old system. In *Cole* v. *Wilcox,* 99 Cal. 549 [34 Pac. 114], the court said in that regard, at page 552:

"When the motion for a new trial came on to be heard, the court, in its action thereon, was limited to considering the matters contained in the statement, and was not at liberty to go outside of the statement for the purpose of determining whether the new trial should be granted or refused."

▆ We are of the opinion it was the duty of the trial judge to certify to the correctness of the three affidavits which were included in the clerk's transcript and which were considered on the motion for new trial, together with the minutes of that proceeding. It is conceded no oral evidence was adduced at that hearing and there appears to have been no occasion for the presence of a stenographic reporter. No bill of exceptions was required.

Section 953a of the Code of Civil Procedure provides for a method of preparing an authorized record on appeal "in lieu of . . . a bill of exceptions", including "all proceedings taken on motion for a new trial". The clerk's transcript appears to conform to the requirements of that section in every necessary particular. It is not contended that any proposed amendments or additions thereto were offered by the plaintiffs at the hearing, or otherwise. The plaintiffs had an opportunity to offer any further competent court minutes or records to be included in the transcript. None were offered. The next to the last paragraph of section 953a provides in that regard:

"The respondents on said appeal may at the time said transcript is presented for settlement and allowance, require the insertion therein of such other papers, files, documents, records and proceedings of said cause, *including the proceedings on motion for a new trial,* as they then desire to have incorporated therein, and the said papers, files, documents, records and proceedings shall when so incorporated be deemed fully authenticated for use on said appeal."

Section 953a requires the trial judge, before whom such

a record is presented, to "certify to the truth and correctness of said transcript."

Almost the exact question which is involved on this proceeding was determined adversely to the contention of the respondent here in *Pierce* v. *Works*, 171 Cal. 684 [154 Pac. 852]. That was also a petition for mandate to compel the trial judge to certify to the clerk's transcript prepared under section 953a, *supra*, on appeal from an order granting a motion for change of venue. The judge refused to so certify upon his assertion that "it is not such a statement or transcript as is contemplated by section 953a, Code of Civil Procedure". The answer alleged and the respondent contended that the proposed transcript did not contain "the statements of the court made at the hearing of the motion". The Supreme Court granted the writ of mandamus and directed the trial judge to certify to the clerk's transcript, saying in part:

"The remaining question . . . is whether the provisions of sections 953a, 953b and 953c, of the Code of Civil Procedure, providing a record on appeal in lieu of the ordinary bill of exceptions, authorize such a record in a matter like the one here involved, *when the proceedings at the hearing have not been taken down by a stenographic reporter,* and the evidence submitted to the court consisted entirely of the files and records of the action.

"The order appealed from is, of course, one not included in the judgment-roll. . . . Section 953a purports to provide a method of preparation of record to which a party appealing 'from any judgment, order or decree of the superior court' may resort 'in lieu of preparing and settling a bill of exceptions', and under which, of course, he may bring to the appellate court anything he might properly include in a bill of exceptions. It is true, of course, that as to parol evidence, and as to writings merely offered or received in evidence at a trial as distinguished from papers, records, and files in the cause, the section contemplates that there shall have been a phonographic report of the proceedings. . . . But if there was no such evidence to report, and consequently no office for a phonographic reporter to perform, if the only matters considered on the hearing of the motion were the pleadings, papers, records, and files in the cause, *as is always the case on a motion heard and determined solely on affidavits and the records and files of the action,* we can see no reason why it should not be held that section 953a fully covers the matter. . . .

"We can conceive of no possible reason why such a transcript may not consist exclusively of such papers, authenticated by the judge, in a case where the same constitute all the matters material to a proper determination of the appeal. The mere fact that there was no office for a stenographer to perform at the hearing of the motion and that consequently there was no stenographic reporter present certainly should not be held to preclude the bringing to an appellate court in this way of all papers, records, and files essential to a proper determination of the appeal, where the statute authorizes, as we must hold it does, the inclusion of the same in such a transcript." (Italics ours.)

The rule announced in the foregoing case, from which we have quoted, is approved in *Lake* v. *Harris*, 198 Cal. 85 [243 Pac. 417].

We are satisfied the petitioner is entitled to have the trial court certify to the correctness of the affidavits and court records of the proceedings on motion for new trial which are contained in the clerk's transcript of that proceeding for use on an appeal. That transcript appears to contain all of the affidavits and proceedings necessary for a presentation to a reviewing court of such appeal.

The demurrer is overruled.

The writ is granted and the trial judge is directed to certify as correct and to authenticate the three affidavits and the proceedings on motion for a new trial, which are contained in the clerk's transcript, to be used on appeal.

Adams, P. J., and Schottky, J. pro tem., concurred.