[Civ. No. 15157. First Dist., Div. Two. Dec. 15, 1952.]

LUDVINA CARVALHO, Respondent, v. JOHN FERDI-
NAND LUSARDI, Appellant.

Campbell, Hayes & Custer and Edward J. Niland for Appellant.

John H. Machado for Respondent.

WAGLER, J. pro tem.—This is an appeal by defendant from an order granting plaintiff's motion for a new trial. In her complaint the plaintiff, a pedestrian, alleged that she was injured when the defendant so negligently operated his automobile as to cause it to collide with her at an intersection in the city of San Jose. The defendant denied negligence and set up the affirmative defense of contributory negligence. Judgment for defendant was entered upon a jury's verdict. Thereafter the plaintiff moved for a new trial upon all of the statutory grounds except that of excessive damages.

The minute order granting the new trial reads as follows: "The above entitled matter having been regularly heard and submitted, the Court makes its order that plaintiff's motion for new trial is granted."

Since this is the only order contained in the record and since it specifies no grounds for granting the motion, we are precluded from considering the insufficiency of the evidence to support the judgment unless the evidence was without conflict and insufficient as a matter of law. (Code Civ. Proc., § 657; *Pitt* v. *Southern Pac. Co.*, 121 Cal.App. 228 [9 P.2d 273]; *Springer* v. *Sodestrom*, 54 Cal.App.2d 704 [129 P.2d 499]; *Adams* v. *American President Lines*, 23 Cal. 2d 681 [146 P.2d 1].)

The evidence was conflicting on the issues of negligence and contributory negligence and the plaintiff before this court has abandoned all grounds except: (1) Newly discovered evidence and (2) Errors in law.

Two affidavits were filed by plaintiff in support of her motion. They are contained in the transcript certified by

the court but there is nothing in the record to indicate that they were ever offered in evidence or considered by the trial judge. While defendant tacitly admits that the affidavits were referred to during the argument on the motion and in part at least read by the trial judge, he contends that since they were not formally offered and received in evidence the order granting the new trial cannot be based on the contents thereof. Appellant relies upon the following cases: *Gunning v. Forbes,* 60 Cal.App.2d 521 [141 P.2d 30] ; *Deary* v. *Shields,* 54 Cal.App.2d 795 [129 P.2d 935] ; *People* v. *Thompson,* 5 Cal.App.2d 655 [43 P.2d 600] and *Ambrose* v. *Allen,* 113 Cal. App. 107 [289 P. 169]. All of these cases were decided before the adoption of the new Rules on Appeal. They are no longer applicable. The record before us shows that the clerk's transcript on appeal was certified as correct by the clerk under rule 8(a), Rules on Appeal, without objection and without a hearing thereon by the trial judge pursuant to rule 8(b). Under such circumstances we must assume here that the affidavits were properly before the court and that in his consideration of the motion for a new trial the trial judge used the entire record on file at the time of his decision. (*Redsted* v. *Weiss,* 71 Cal.App.2d 660 [163 P.2d 105].)

█ Defendant also contends that neither affidavit sets forth evidence likely to render probable a different result on a new trial. One affidavit was by plaintiff's attorney; its contents are not material to this appeal. The second affidavit reads as follows:

"THOMAS BETTENCOURT, being first duly sworn, deposes and says:

"That on the evening of the 8th day of April, 1949, he was standing on the church property which property is located at the intersection of East Santa Clara Street and Twenty-eighth Street in the City of San Jose, County of Santa Clara, State of California. That he heard first a thud and then the shrieking of brakes. That he ran to the street and saw an injured woman lying on the street with her feet toward the automobile of defendant and with her head toward the curb of the street. That she was crying and yelling. That he heard someone say, 'Don't move her.' That he ran into the parish house and telephoned for the ambulance. That he did not talk to the plaintiff or her attorney until after the trial of the action.

Thomas Bettencourt"

Probably the most crucial point in the trial was whether the plaintiff was in the crosswalk, as she testified, or some 85 feet to the east thereof, as testified by defendant. The accident occurred on April 8, 1949, at about 7:25 p.m. on East Santa Clara Street, a main highway running out of the city of San Jose in a generally east-west direction at or near its intersection with 28th Street. Plaintiff testified that she walked to the southeast corner of the intersection and, after observing the condition of traffic, started across the street toward the north sidewalk of East Santa Clara Street; that she stopped at the center line of Santa Clara Street to allow a westbound car to pass, and she was then struck by defendant's automobile which was eastbound. She was rendered unconscious by the impact.

The defendant testified that he was eastbound traveling in the lane closest to the center line, that he crossed 28th Street at a speed of 20 to 25 miles per hour, that after crossing the intersection he may have increased his speed to as much as 28 miles per hour, that when he first observed plaintiff she was about a car length and a half past the intersection, that she was about 35 to 40 feet from him walking diagonally across the highway, that he immediately applied his brakes and at no time released them, that he swerved to the right but that his bumper hit the plaintiff's legs, and she fell. She fell forward toward the center of the highway. At the time of the impact he was barely moving; his car travelled only 3 or 4 feet after it struck plaintiff.

The plaintiff and defendant were the only witnesses as to the point of impact. One of the investigating officers testified that there was no damage on defendant's vehicle but that there was some dust disturbance on the left front bumper and fender. That about 12 inches of the left front fender had been wiped clean, the dust had been taken off, that for a distance of from 3 to 4 feet up over the fender the dust had been disturbed, that he found defendant's car facing the east with its front wheels about 90 feet east of the intersection, that it had laid down 69 feet of skid marks on the left side and 38 feet on the right side, 4 feet on each side being beyond the point of impact as indicated by the defendant; that the end of these skid marks was 89 feet 7 inches from the eastern curb line of 28th Street and that the point of impact as indicated by defendant was 31 feet 8 inches north of the south curb of East Santa Clara Street and 85 feet 7 inches east of 28th Street.

Thomas Bettencourt, according to his affidavit, was on the church property which occupies the northeast corner of the intersection. He *first* heard a thud and *then* the shrieking of brakes. This evidence is not in the record of the trial. It is entirely new evidence. It is material because it has a tendency to corroborate the testimony of plaintiff that she was crossing at the intersection. It is also material as it may be a fact which may be considered as creating an inference of speed. It contradicts the testimony of defendant in that it refers to the striking of an object, to wit, the hearing of a thud and then a noise which is caused by the application of brakes. From this evidence the jury could infer that the plaintiff was struck first and that thereafter the defendant applied his brakes. The defendant testified that he saw the plaintiff, then applied his brakes prior to striking her and was barely moving when she was struck. The facts of the affidavit when considered in connection with the testimony of the investigating officers as to the dust disturbance on the fender of defendant's car could create an inference, and the jury could find that the plaintiff was struck, thrown on the fender of defendant's car and carried for some distance before defendant applied his brakes. This inference would corroborate plaintiff's testimony that she was struck in the crosswalk.

The question as to the effect upon the case of newly discovered evidence is from its nature peculiarly one that is addressed to the discretion of the trial court. (*People* v. *Oxnam,* 170 Cal. 211 [149 P. 165]; *Fresno Estate Co.* v. *Fiske,* 172 Cal. 583 [157 P. 1127]; *Rauer's Law Etc. Co.* v. *Bradbury,* 3 Cal.App. 256 [84 P. 1007]; *Bradbury Estate Co.* v. *Carroll,* 98 Cal.App. 145 [276 P. 394]) and an appellate court will not disturb the trial judge's ruling unless it is manifest that a gross or unmistakable abuse of discretion appears. (*Cooper* v. *Kellogg,* 2 Cal.2d 504 [42 P.2d 59]; *Kirschbaum* v. *McCarthy,* 5 Cal.2d 191 [54 P.2d 8]; *Stanley* v. *Columbia Broadcasting System, Inc.,* 35 Cal.2d 653 [221 P.2d 73]; *Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App. 2d 777 [163 P.2d 756]; *Montaldo* v. *Hires Bottling Co.,* 59 Cal.App.2d 642 [139 P.2d 666].) We find no such abuse of discretion on the part of the trial judge in this case.

Since the order must be affirmed on this ground it is unnecessary to discuss the second point relied upon, to wit, alleged errors of law. These alleged errors deal primarily

with matters concerning which the trial judge as arbiter of the facts enjoys a wide discretion. Suffice it to say that we have examined the record and find no error in any of the criticized rulings.

The order granting plaintiff's motion for a new trial is affirmed.

Nourse, P. J., and Dooling, J., concurred.