[Civ. No. 16592.   First Dist., Div. Two.   Sept. 7, 1955.]

TONY O. VERZOLA, Appellant, v. FRED B. RUSSI, Respondent.

Clark, Heafey & Martin, Schofield & Hannegan and Gerald P. Martin for Appellant.

Roger G. Eliassen for Respondent.

NOURSE, P. J.—These are reciprocal actions for personal and property injury arising out of a motor vehicle collision. Both sides charged negligence and contributory negligence. The case was tried to a jury which returned a verdict that neither party should recover. On motion of defendant Russi a new trial was granted. The appeal is taken by Verzola from that order.

The motion was made on all statutory grounds except excessive damages. The order does not specify the grounds on which it was granted and specifically does not mention insufficiency of the evidence as such ground. Appellant's primary contention is that insufficiency of the evidence can then not be considered in support of the order, unless the evidence is without conflict and as a matter of law does not support the verdict so that the verdict is against law; that many conflicts in the evidence prevent the applicability of the exception; that there is no error as to admission of evidence, hardly any objection having been made by respondent in that respect; that the instructions are standard and correct and that no affidavits have been filed in support of other grounds for new trial, so that there is no justification for the order. Respondent defends the order on the ground only that neither as a matter of law nor according to the preponderance of the evidence contributory negligence of respondent Russi preventing his recovery was proved. No errors of law nor any other statutory grounds are urged in support of the order.

We have concluded that appellant's position must be sustained.

"Since insufficiency of the evidence to support the verdict was not specified, it must be assumed that the order granting the motion was not based on that ground." (*Malloy*

v. *Fong*, 37 Cal.2d 356, 376 [232 P.2d 241]; Code Civ. Proc., § 657.) ■ There are intimations in the cases that a decision is against law and a new trial may be granted on that ground if the evidence is "insufficient in law, and without conflict in any material point." (*Biaggi* v. *Ramont*, 189 Cal. 675, 677 [209 P. 892]; *Renfer* v. *Skaggs*, 96 Cal.App.2d 380, 383 [215 P.2d 487]; *Carvalho* v. *Lusardi*, 114 Cal.App.2d 733, 734 [251 P.2d 37].) No such situation is presented by the record in this case.

■ The collision occurred in a curve on a narrow highway known as Pedro Valley Road in San Mateo County. At the point of collision the road was 14 feet wide with many curves and short hills, but without a center line. Verzola was driving a Packard in easterly direction, Russi a Plymouth westerly. The two drivers and a highway patrol officer who investigated the accident were the only witnesses. Appellant Verzola testified that when he first saw the Plymouth it was 25 feet away. traveling at a speed of 50 miles per hour, on the wrong side of the road, whereas he himself was driving at a speed of 15 miles and that at the time of the impact the car of Russi was on the wrong side and his own on the right side of the road. Respondent Russi testified that when he first saw the Packard it was 150 feet away traveling at a speed of 50 to 60 miles per hour, 2 feet over on the wrong side of the road, whereas he himself was driving at a speed of 8 to 12 miles per hour and that at the moment the cars came together the Packard of Verzola was on Russi's side of the road. Both parties testified that their cars had come to a stop before the impact. The investigating officer found the right front portion of the Plymouth 6 feet from the north shoulder of the road, the right front portion of the Packard on the right shoulder of the road. Evidently there is here material conflict in the evidence and evidence from which the jury could conclude that respondent Russi was negligent in driving on the wrong side of the road. Under these circumstances the evidence cannot be considered in support of the order and as it is undisputed that there is no other basis for the order the order must be reversed.

Order reversed.

Dooling, J., and Kaufman, J., concurred.